IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE ULISES FACIO-GOMEZ, | § | |
| #57775-177, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-2956-N-BK |
| | § | (CRIMINAL CASE NO. 3:18-CR-539-N-3) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Jose Facio-Gomez's *pro se*

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the

undersigned United States magistrate judge for case management, including the issuance of

findings and a recommended disposition where appropriate.  As detailed here, the motion should

be **DENIED**.

**I.  BACKGROUND**

Facio-Gomez ("Facio") pled guilty to conspiracy to launder monetary instruments and

was sentenced to 37 months' imprisonment and a one-year term of supervised release.  Crim.

Doc. 162 at 1-3.[1]  Facio did not file a direct appeal, but timely filed this § 2255 motion.  Doc. 1.

He claims ineffective assistance of counsel at sentencing.  Doc. 1 at 4-6.  The Government

opposes § 2255 relief.  Doc. 5.  Facio has not filed a reply.

---

[1] All "Crim. Doc." citations refer to the related criminal case:  *United States v. Facio-Gomez*,
No. 3:18-CR-539-N-3 (N.D. Tex. July 16, 2021).

Upon review, the Court concludes that Facio cannot establish ineffective assistance of counsel. Thus, his § 2255 motion should be denied.

## II. ANALYSIS

To succeed on an ineffective-assistance-of-counsel claim, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. Moreover, to prove prejudice in the sentencing context, the movant must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### A. Claim that Counsel Failed to Object to Two-Level Enhancement Fails

Facio asserts that his defense counsel rendered ineffective assistance in failing to object to a two-level enhancement under USSG § 2S1.1(b)(2)(B). Doc. 1 at 4. He contends that the exception in the application note applies because the sole object of the conspiracy was to commit an offense under 18 U.S.C. § 1957. Doc. 1 at 4; *see* USSG § 2S1.1 cmt. n.3(C) ("Subsection (b)(2)(B) shall not apply if the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957."). Facio is mistaken, however.

The indictment and factual resume confirm that the object of Facio's conspiracy was to commit a violation of § 1956(a)(2)(A), *not* § 1957. The indictment charged him with violating § 1956(a)(2)(A) and § 1956(h), Crim. Doc. 35 at 2-3, and, in the factual resume, he admitted violating those same provisions, Crim. Doc. 56 at 2-3. The exception in the application note

is therefore inapplicable to Facio, and his counsel cannot be deemed ineffective for failing to make a meritless objection challenging the two-point enhancement. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (failure to raise a meritless objection is not ineffective assistance). Consequently, Facio's ineffective assistance claim fails.

**B. Claim that Counsel Failed to Raise Mitigating Factor Also Fails**

Next, Facio asserts that his counsel was ineffective in failing to argue at sentencing that his lengthy pretrial supervision and compliance with all conditions of supervision warranted a lower sentence. Doc. 1 at 5. He also contends that his good-behavior should have negated any argument by the Government that he should receive the same sentence as his wife (a co-defendant), with whom he claims was not similarly situated. Doc. 1 at 5-6. Facio's arguments are unavailing.

Counsel detailed Facio's exemplary conduct while on pretrial supervision in the sentencing memorandum and at the sentencing hearing. Crim. Doc. 130 at 4; Crim. Doc. 165 at 5. The Presentence Report (PSR) also noted that Facio had complied with all court-ordered conditions. Crim. Doc. 84-1 at 4. While counsel did not explicitly mention Facio's conduct on pretrial supervision as a ground for the downward variance, the Court was familiar with it and took it into account when it adopted the factual contents of the PSR and addenda. Crim. Doc. 165 at 6, 8; Crim. Doc. 130 at 5. That notwithstanding, the Court concluded that a variance was not justified and a 37-month sentence was appropriate after weighing the sentencing factors. Crim. Doc. 165 at 8. Further, the Court agreed with the Government that Facio should receive the same 37-month sentence as his wife. Crim. Doc. 165 at 8. The Court explained:

> Here the guideline calculation yields offense level 21, criminal history category I, for a sentencing range of 37 to 46 months.

I find that the guidelines adequately reflect that statutory sentencing factors of Section 3553(a); and there, I don't see a need to vary from the guidelines.

I will say if I varied down to 19, that sentencing range is 30 to 37 months. So the top of that range and the bottom of the applicable range overlap. And I agree with the Government that the Defendant should get the same sentence as his wife, so that would be 37 in any event.

*Id.*

On this record, there is no evidence that the Court would have ruled differently. Thus,

Facio cannot demonstrate that counsel's alleged deficient performance resulted in a higher

sentence. *See Glover*, 531 U.S. at 200, 203-04. Thus, Facio's second ineffective assistance

claim likewise fails.

### III. CONCLUSION

For all these reasons, Facio's § 2255 motion should be **DENIED**, and this case should be

**DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 13, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).